UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARLESTER MOPKINS,

    Plaintiff,

v.                                  Case No: 6:25-cv-1291-JSS-LHP

SHERIFF WAYNE IVEY and
ARAMARK CORPORATION,

    Defendants.
_____/

## ORDER

On July 8, 2025,[1] Plaintiff, a prisoner proceeding pro se, filed a document titled "W.A.H.P. 1 Kill-Civil Motion for Declaratory, Injunctive, and Monetary Relief Under 42 U.S.C. § 1983." (Dkt. 1). Plaintiff has neither paid the filing fee nor moved to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914, 1915(e)(2).

Because Plaintiff cites section 1983 and sets forth allegations related to the conditions of his confinement, it appears he is attempting to initiate a civil rights action. (*See id.*) However, Plaintiff did not use the required prisoner civil rights form to initiate this action. *See* M.D. Fla. R. 6.04(a) (requiring pro se prisoners to use the standard form to file a civil complaint). The complaint is therefore missing certain

---

[1] This is the filing date under the "mailbox rule." *See e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citing Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)). The Court assumes, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

required information, such as a detailed description of Plaintiff's litigation history, and is subject to dismissal without prejudice on that basis.

Plaintiff's complaint must also comply with the Federal Rules of Civil Procedure, *see, e.g.*, Fed. R. Civ. P. 3, 8, 10, 11, which requires a complaint to contain, among other things, a brief and concise statement of each claim raised and the factual basis for the claims against each named defendant. *See* Fed. R. Civ. P. 8. Plaintiff briefly described claims that Defendants violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, but these claims do not satisfy the applicable standard.

Additionally, Plaintiff requests a temporary restraining order requiring the replacement of jail staff. (Dkt. 1 at 8.) A court's issuance of a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). A party seeking a temporary restraining order must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)). Plaintiff fails to address, let alone satisfy, those factors, and fails to otherwise comply with the requirements of Federal Rule of Civil

Procedure 65 and Local Rule 6.01, which govern the procedures for requesting temporary restraining orders in this district. Therefore, Plaintiff's request for a temporary restraining order is denied.

Accordingly:

1. This case is **DISMISSED without prejudice** to afford Plaintiff the opportunity (1) to properly file a complaint using the standard complaint form that complies with the relevant procedural rules and (2) to either pay the filing fee or submit an affidavit of indigency.

2. The Clerk is **DIRECTED** to mail to Plaintiff a prisoner affidavit of indigency form and a prisoner civil rights complaint form.

3. The Clerk is **FURTHER DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on July 16, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party